BOUXíDIN, J.,
delivered the opinion of the court.
This is a writ of error to a judgment of the Circuit court of Augusta county, reversing and annulling a judgment of the County court of said county, by which the sum of $5,046 was awarded the appellant against the appéllee, as compensation for land of the ^appellant taken bj' the appel-lee in the construction of its road, and for damages to the residue of his tract, and the costs of the proceeding.
A preliminary question has been raised by the appellee’s counsel in this court. It is insisted that the writ of error should be dismissed as improvidently awarded, because the case on reversal by the Circuit court was retained in that court for further proceedings, and no judgment finally disposing of the case has yet been rendered by said Circuit court.
There can be no doubt about the finality of the judgment of the County court. That judgment was for the amount of compensation and damages awarded by the commissioners, and for costs; it was appealed from by the appellee as a final judgment, and we are of opinion, as above stated, that about its finality there can be no doubt.
When such final judgment has been reversed by the Circuit court and the cause is retained for further proceedings, is it necessary for the judgment creditor in the County court to await the ulterior proceedings in the Circuit court; or may he not at once seek to secure the benefit of his final judgment in the County court, by appealing from the judgment of the Circuit court reversing it?
This question we think is no longer an open one in this court. 'In the most recent case on the subject, the case of Brumbaugh v. Wissler, decided at September term 1873, and not yet reported, it was held by. all the judges that when a final judgment of a County court had been reversed on appeal by the Circuit court, and the cause retained for further proceedings, without acquiescence in such ‘ further proceedings by the appellee in the Circuit court, the judgment of reversal was proper subject of appeal. The finality of the ^judgment of the County court was, for the purpose of appeal, imparted to the judgment of the Circuit court. We think this rule of practice alike reasonable, economical and convenient; and we reaffirm it. Our opinion, is, that the writ of error was not improvidently awarded, and the objection is overruled.
On the merits: The appellant insists that the judgment of the Circuit court should be reversed, and that of the County court affirmed, because there was nothing in the record showing that the damages ascertained by the commissioners, and awarded by the judgment of the County court, were excessive, or based on erroneous principles, or were the result of misconduct or mistake on the part of the commissioners.
The appellee, on the other hand, insists that the damages awarded were based on illegal and erroneous estimates, 'and were exorbitantly excessive.
Without considering the very interesting question which has been so earnestly and so ably discussed at the bar, as to the functions of the commissioners in cases like the present, the capacity in which they act, and the weight and effect in general of their report, we hold it to be clear and unquestionable, under the plain mandate as well as the spirit of the statute, that the report of the commissioners, ascertaining the amount of compensation and damages to be paid to the land owner, must be confirmed by the court, and judgment entered for the amount reported, unless, in the words of the statute, “good cause be shown against it. ’’ This makes the commissioner’s report, if no illegality nor irregularity appear on its face, at least prima facie evidence of the propriety and correctness of the award of compensation and damages; and that award must therefore stand as the judgment of the *court, or rather, the judgment of the court must accord therewith, unless some sufficient matter be established to vary or arrest it. The land owner may be passive, and the entire onus of showing such sufficient cause is thrown on the objector.
Was good and sufficient cause to alter the report sho.wn in this case? It was attempted; but we concur with the County court in the opinion that the appellee has wholly failed to show “that the commissioners in the discharge of their duties demeaned themselves otherwise than with the strictest propriety; or that they proceeded on other than correct legal principles in making up their appraisement of damages; or that in their estimates of the defendant’s damages, as agreed on and reported to the court, they, according to a reasonable probability even, much less plainly and palpably, exceeded the just and proper measure of the defendant’s claim to compensation in this case.” So far, indeed, from showing palpable error, or any error in the commissioner’s report, we are of opinion on the contrary, without undertaking to analyze or to comment in detail on the evidence in the cause, that it abundantly sustains the estimate of the commissioners and the judgment of the County court. In fact, the estimates of a very large majority of the witnesses examined, as intelligent and as well qualified to form a correct judgment as any in the cause, greatly exceed the estimate of the commissioners. We are therefore of opinion that the judgment of the Circuit court reversing that of the County court is erroneous, and *451 should be reversed and annulled, and the judgment of the County court should be affirmed with costs to the appellant, Crawford, in both courts.
The judgment of the court was as follows:
This day came again the parties by their attornej's, and the court having maturely considered the transcript of the record of the judgment aforesaid and the arguments of counsel, is of opinion, for reasons stated in writing and filed with the record, that the said judgment of the said Circuit court is erroneous, and that there is no error in the said judgment of the said County court. Therefore it is considered that the said judgment of the said Circuit court be reversed and annulled, and that the plaintiff in error recover against the defendant in error his costs by him expended in the prosecution of his supersedeas aforesaid here; and this court, proceeding to render such judgment as the said Circuit court ought to have rendered, it is further considered that the said judgment of the said County court be affirmed, and that the defendant recover against the plaintiff damages according to law, and his costs by him about his defense in the said Circuit court expended. Which is ordered to be certified to the said Circuit court of Augusta county.
Judgment of the Circuit court reversed.